# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. _____1:20-cv-03834_____

RICHARD EVANS,

Plaintiff,

v.

MIDLAND CREDIT MANAGEMENT, INC.,

Defendant.

## COMPLAINT

**NOW COMES** Richard Evans ("Plaintiff"), by and through his undersigned attorneys, complaining as to the conduct of Midland Credit Management, Inc., ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) Plaintiff resides in the District of Colorado, Defendant conducts business in the District of Colorado, and a substantial portion of the events or omissions giving rise to the claims occurred within the District of Colorado.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a(3), and is a "person" as defined by 47 U.S.C. §153(39).

1

5. Defendant is a debt collection agency with its principal place of business located at 350 Camino de la Reina, Suite 300, San Diego, California 92108. Defendant engages in collection activities in the state of Colorado.

6. Defendant is a collection agency with the primary business purpose of collecting or attempting to collect defaulted consumer debts owed or allegedly owed to others. Defendant is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others using the mail and/or telephone, including consumers in the State of Colorado.

## FACTS SUPPORTING CAUSES OF ACTION

7. Between January 2020 and November 2020, Plaintiff received multiple dunning letters from Defendant attempting to collect an alleged past due Synchrony Bank/PayPal account in the amount of $2,064.85 ("alleged subject debt").

8. Plaintiff was perplexed because he never opened any accounts with Synchrony Bank/PayPal and the dunning letters sent by Defendant were made out to an unfamiliar address in Connecticut where Plaintiff never resided, and has never provided his information as a cosigner or reference for any accounts.

9. In May 2020, Plaintiff initiated a call with Defendant to inquire as to why it was collecting the alleged subject debt from Plaintiff despite Plaintiff not owing it. In that call, Defendant's representative could not reconcile why it was collecting the alleged subject debt from Plaintiff, could not verify Plaintiff's personal identifying information, and ended the conversation with requesting Plaintiff to initiate a dispute through Defendant's website and/or to obtain a police report for identity fraud.

10. Despite knowing that Plaintiff did not owe the alleged subject debt, Defendant continued to send collection letters to Plaintiff demanding immediate payment. Plaintiff received no less than 10 collection letters from Defendant between January and November 2020.

11. Concerned about the violations of his rights, Plaintiff was forced to seek the assistance of counsel to file this action to compel Defendant to cease its unlawful conduct.

## DAMAGES

12. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

13. Plaintiff has expended time and incurred costs consulting with his attorney as a result of Defendant's unfair, deceptive, and misleading actions.

14. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the alleged subject debt.

15. Defendant's illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

16. Plaintiff restates and realleges paragraphs 1 through 15 as though fully set forth herein.

17. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

18. Defendant is a "debt collector" as defined by §1692a(6) because its primary business purpose is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

19. Moreover, Defendant is a "debt collector" because it acquired rights to the alleged subject debt after it was allegedly in default. 15 U.S.C. §1692a(6).

20. The alleged subject debt in which Defendant attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

21. Defendant used the mail to attempt to collect the alleged subject debt from Plaintiff and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

22. Defendant's mail communications to Plaintiff were made in connection with the collection of the alleged subject debt.

23. Defendant violated 15 U.S.C. §§1692c(a)(1), c(b), d, e, e(2), e(10), f, and f(1) through its unlawful debt collection practices on a debt that never belonged to Plaintiff.

**a.  Violations of FDCPA § 1692c**

24. Defendant violated §1692c(a)(1) and c(b) when it continuously sent Plaintiff dunning letters attempting to collect a debt he does not owe and after being notified that he was not the correct person Defendant is attempting to contact. This repeated behavior of continuously and systematically mailing Plaintiff dunning letters after it knew or should have known that Plaintiff was not the intended recipient was harassing and abusive.

25. Moreover, Defendant was notified by Plaintiff that he is not the individual it was looking for. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to him.

**b.  Violations of FDCPA § 1692d**

26. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly sending Plaintiff dunning letters seeking immediate payment on a debt that did not belong to him.

### c. Violations of FDCPA § 1692e

27. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged subject debt from Plaintiff. Defendant knowingly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its false and misleading behavior by sending Plaintiff dunning letters on a debt not owed by Plaintiff. Through its conduct, Defendant misleadingly represented to Plaintiff that it had the legal ability to contact him to collect the alleged subject debt when it had no legal right to do so.

### d. Violations of FDCPA § 1692f

28. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect on a debt by continuously sending Plaintiff dunning letters attempting to collect a debt not owed by Plaintiff. Defendant repeatedly attempted to dragoon Plaintiff into making a payment that he did not legally owe. These means employed by Defendant only served to worry and confuse Plaintiff.

29. Defendant had enough information to be aware of the fact that it was collecting on the wrong person. Nevertheless, it persisted with its dunning letter campaign in contacting the wrong individual, and knew that its conduct was inconvenient and harassing to Plaintiff.

30. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt of consumers that do not legally owe such debt.

31. Upon information and belief, Defendant systematically attempts to collect debts through harassing and misleading conduct and has no procedures in place to assure compliance with the FDCPA.

32. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff RICHARD EVANS respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Enjoin Defendant from further contacting Plaintiff;
c. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
d. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
e. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Dated: December 30, 2020                    Respectfully Submitted,

/s/ Marwan R. Daher
/s/ Alexander J. Taylor
/s/ Omar T. Sulaiman
Marwan R. Daher, Esq.
Alexander J. Taylor, Esq.
Omar T. Sulaiman, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
ataylor@sulaimanlaw.com
osulaiman@sulaimanlaw.com